UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

R.C. KNOX,

          Petitioner,

v.                       Case No. 3:10-cv-306-J-20TEM

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

          Respondents.

---

## ORDER

### I. Status

Petitioner Knox, who is proceeding in forma pauperis, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. #1) under 28 U.S.C. § 2254 on April 6, 2010, pursuant to the mailbox rule. Petitioner Knox filed an Amended Petition (Doc. #8) on May 27, 2010, in which he challenges a 2008 state court (Duval County, Florida) judgment of conviction for sale or delivery of cocaine on the following due process grounds: (1) his fifteen-year sentence exceeds the maximum sentence that may be imposed for a strict liability offense; (2) the trial court erred when it sentenced him as a habitual felony offender; and (3) the trial court erred by failing to send back the verdict to the jurors to decide upon which charge they found him guilty.

Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Response to Petition for Habeas Corpus (Response) (Doc. #14) with exhibits (Resp. Ex.). On September 20, 2010, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #11), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply. Although granted a sufficient amount of time in which to reply, Petitioner has not replied to the Response, but has requested that the Court "carry on with [his] case." See Doc. #18, filed April 11, 2011. This case is ripe for review.

## II. State Court Procedural History

On December 6, 2007, R.C. Knox was charged in Duval County, Florida, with sale or delivery of cocaine, occurring on November 16, 2007. Resp. Ex. A at 10, Information. After a trial, see Resp. Exs. B and C, Transcripts of the Jury Trial (Tr.), the jury found Petitioner guilty, as charged, on September 26, 2008. Tr. at 299-300; Resp. Ex. A at 57, Verdict. On October 20, 2008, the court adjudged him guilty and sentenced him, as a habitual felony offender, to fifteen years of incarceration. Resp. Ex. A at 74-79; 118-33, Transcript of the Sentencing Hearing (Sentencing Tr.). Petitioner filed a notice of appeal on November 10, 2008. Resp. Ex. D-2.

On or about May 5, 2009, Petitioner filed a pro se motion to correct illegal sentence, in which he raised the following two due

2

process claims: (1) the fifteen-year sentence exceeds the maximum sentence that may be imposed for a strict liability offense, such as sale or delivery of cocaine, and (2) the sentence is illegal because a habitual felony offender sentence may not be imposed for sale or delivery of cocaine. Resp. Ex. D. When the motion was not ruled on within sixty days, it was deemed denied by operation of Fla. Rule Crim. P. 3.800(b)(1)(B)/(b)(2)(B).[1]

On direct appeal of the conviction and sentence, Petitioner, through counsel, filed an initial brief, raising the following issues: (1) whether the offense of sale or delivery of cocaine is a strict liability offense and, if so, whether the sentence of fifteen years in prison violates due process, and (2) whether the trial court erred, as a matter of law, in sentencing Petitioner, as a habitual felony offender, because the offense of "delivery" of cocaine is an offense "relating to" possession of cocaine and therefore does not qualify for habitual offender sentencing. Resp. Ex. E. The State filed an Answer Brief, see Resp. Ex. F, and Petitioner filed a Reply Brief, see Resp. Ex. G. The appellate court, without issuing a written opinion, affirmed per curiam on January 6, 2010. Knox v. State, 25 So.3d 563 (Fla. 1st DCA 2010); Resp. Ex. H. The mandate was issued on January 22, 2010. Resp.

---

[1] Rule 3.800(b)(1)(B) provides, in pertinent part: "Within 60 days from the filing of the motion, the trial court shall file an order ruling on the motion. If no order is filed within 60 days, the motion shall be considered denied."

Ex. H.  Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations.  See 28 U.S.C. § 2244(d); Response at 2.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

### V.  Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d).  This standard is described as follows:

> As explained by the Supreme Court, the phrase "'clearly established Federal

4

law' . . . refers to the holdings . . . of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). We have held that to be "contrary to" clearly established federal law, the state court must either (1) apply a rule "that contradicts the governing law set forth by Supreme Court case law," or (2) reach a different result from the Supreme Court "when faced with materially indistinguishable facts." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2003).

As regards the "unreasonable application" prong of § 2254(d)(1), we have held as follows:

> A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context. An application of federal law cannot be considered unreasonable merely because it is, in our judgment, incorrect or erroneous; a state court decision must also be unreasonable. Questions of law and mixed questions of law and fact are reviewed de novo, as is the district court's conclusion regarding the reasonableness of the state court's application of federal law.

Jennings v. McDonough, 490 F.3d 1230, 1236 (11th Cir. 2007) (quotation marks and citations omitted). In sum, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409, 120 S.Ct. at 1521. Finally, 28 U.S.C. § 2254(e)(1) commands that for a writ to issue because the state court made an "unreasonable determination of the facts," the petitioner must rebut "the presumption of

5

> correctness [of a state court's factual
> findings] by clear and convincing evidence."[2]
> 28 U.S.C. § 2254(e)(1).

Ward v. Hall, 592 F.3d 1144, 1155-56 (11th Cir. 2010), cert. denied, 131 S.Ct. 647 (2010).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Harrington v. Richter, 131 S.Ct. 770, 785 (2011) (holding that section 2254(d) does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## VI.  Exhaustion/Procedural Default

There are prerequisites to a federal habeas review:

> Before bringing a § 2254 habeas action in
> federal court, a petitioner must exhaust all
> state court remedies that are available for
> challenging his state conviction.  See 28

---

[2] This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

> U.S.C. § 2254(b), (c). To exhaust state
> remedies, the petitioner must "fairly
> present[]" every issue raised in his federal
> petition to the state's highest court, either
> on direct appeal or on collateral review.
> <u>Castille v. Peoples</u>, 489 U.S. 346, 351, 109
> S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989)
> (emphasis omitted). Thus, to properly exhaust
> a claim, "state prisoners must give the state
> courts one full opportunity to resolve any
> constitutional issues by invoking one complete
> round of the State's established appellate
> review process." <u>O'Sullivan v. Boerckel</u>, 526
> U.S. 838, 845, 119 S.Ct. 1728, 1732, 144
> L.Ed.2d 1 (1999).

<u>Maples v. Allen</u>, 586 F.3d 879, 886 (11th Cir. 2009) (per curiam),

<u>petition granted in part</u>, 131 S.Ct. 1718 (U.S. Mar. 21, 2011) (No.

09A974, 10-63).

Procedural defaults may be excused under certain

circumstances: "[n]otwithstanding that a claim has been

procedurally defaulted, a federal court may still consider the

claim if a state habeas petitioner can show either (1) cause for

and actual prejudice from the default; or (2) a fundamental

miscarriage of justice." <u>Id</u>. at 890 (citations omitted). In order

for Petitioner to establish cause,

> the procedural default "must result from some
> objective factor external to the defense that
> prevented [him] from raising the claim and
> which cannot be fairly attributable to his own
> conduct." <u>McCoy v. Newsome</u>, 953 F.2d 1252,
> 1258 (11th Cir. 1992) (quoting <u>Carrier</u>, 477
> U.S. at 488, 106 S.Ct. 2639). Under the
> prejudice prong, [a petitioner] must show that
> "the errors at trial actually and
> substantially disadvantaged his defense so
> that he was denied fundamental fairness." <u>Id</u>.

at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106 S.Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir. 1999), <u>cert</u>. <u>denied</u>, 528 U.S. 934 (1999).

In the absence of a showing of cause and prejudice, a petitioner may receive consideration on the merits of a procedurally defaulted claim if he can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result. The Eleventh Circuit has explained:

> [I]f a petitioner cannot show cause and prejudice, there remains yet another avenue for him to receive consideration on the merits of his procedurally defaulted claim. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." <u>Carrier</u>, 477 U.S. at 496, 106 S.Ct. at 2649.[3] "This exception is exceedingly narrow in scope," however, and requires proof of actual innocence, not just legal innocence. <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001).

<u>Id</u>. "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002). Additionally,

---

[3] <u>Murray v. Carrier</u>, 477 U.S. 478 (1986).

"'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderson v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324). With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. Schlup, 513 U.S. at 324.

## VII. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Petitioner claims that his fifteen-year sentence far exceeds the maximum sentence that may be imposed for the strict liability offense of sale or delivery of cocaine, thus violating his right to due process of law. Specifically, he argues that "[s]ince [his] offense of conviction is a strict liability offense which encompasses innocent conduct, the maximum punishment available consistent with due process is the misdemeanor punishment of imprisonment not to exceed one year." Petition at 18. In effect, Knox challenges the authority of the Legislature to authorize a sentence in excess of one year for the commission of what Knox describes as a strict liability offense.

This ground was raised and exhausted on direct appeal. See Resp. Ex. E at 7-18. The State responded, see Resp. Ex. F at 2-8, and Petitioner replied, see Resp. Ex. G at 3-5. The appellate court, without issuing a written opinion, affirmed per curiam, see

9

<u>Knox</u>, 25 So.3d 563, and the mandate was issued on January 22, 2010, see Resp. Ex. H.

Assuming Petitioner raised this ground as a federal constitutional claim on direct appeal, the State, in its appellate brief, addressed the claim on the merits. Resp. Ex. F at 8-18. Thus, the appellate court may have affirmed Petitioner's conviction based on the State's argument on the merits. If the appellate court addressed the merits, Petitioner would not be entitled to relief because the state court's adjudication of this claim is entitled to deference under AEDPA. Although there is not an opinion that explains the state court's rationale for its ruling, one is not required. All that is required is a rejection of the claim on its merits. See <u>Wright</u>, 278 F.3d at 1255.

After a thorough review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of this claim.[4]

---

[4] Petitioner Knox has neither shown that the state court's adjudication of the claim was contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, nor that it was based on an unreasonable determination of the facts in light of the evidence presented in

10

Moreover, assuming that the state court's adjudication of this claim is not entitled to deference under AEDPA, Petitioner's claim is, nevertheless, without merit. Knox was charged under Florida Statutes § 893.13(1)(a)1, which provides that "it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance[,]" including cocaine. <u>See</u> Resp. Ex. A at 10, Information. The jury found him guilty, as charged, of the second degree felony. <u>Id.</u> at 57, Verdict; 74, Judgment. On October 20, 2008, the court sentenced Knox to fifteen years of imprisonment, as a habitual felony offender. <u>Id.</u> at 78 (citing Florida Statutes § 775.084(4)(a)); Sentencing Tr.

Knox's issue is not with Florida Statutes § 893.13(1)(a)1, but with § 893.101. An explanation follows. The Due Process Clause of the Fourteenth Amendment requires the State to prove beyond a reasonable doubt each element of the offense charged. <u>Thompson v. Nagle</u>, 118 F.3d 1442, 1448 (11th Cir. 1997) (citing <u>Jackson v. Virginia</u>, 443 U.S. 307, 314 (1979)), <u>cert. denied</u>, 522 U.S. 1125 (1998). First, this Court reviews the state law history, which is the foundation for Petitioner's due process claim:

> In <u>Chicone</u>, the supreme court held that the offense of possession of a controlled substance included not only knowledge that the substance was in the defendant's possession, but also knowledge of the illicit nature of

the state court proceedings.

11

the substance. _See_ _id_. at 738.[5]
Subsequently, in _Scott v. State_, 808 So.2d 166
(Fla. 2002), the supreme court determined
that, regardless of the defense raised or the
affirmative defenses asserted, a defendant is
entitled to an instruction on the element of
guilty knowledge in a possession case because
it is an element of the crime. _See_ _id_. at
170. The _Scott_ court stated that failure to
give the requested instruction is not harmless
error. _Id_. In _McMillon v. State_, 813 So.2d
56 (Fla. 2002), _Chicone_ was extended to cases
where the defendant was charged with sale of
cocaine.

Both _Chicone_ and _Scott_ were addressed,
however, by the legislature's enactment of
section 893.101, Florida Statutes (2002),
which states the following:

> (1) The Legislature finds that the
> cases of _Scott v. State_, Slip
> Opinion No. SC 94701 [,808 So.2d
> 166] (Fla. 2002) and _Chicone v._
> _State_, 684 So.2d 736 (Fla. 1996),
> holding that the state must prove
> the defendant knew of the illicit
> nature of a controlled substance
> found in his or her actual or
> constructive possession, were
> contrary to legislative intent.

> (2) The Legislature finds that
> knowledge of the illicit nature of a
> controlled substance is not an
> element of any offense under this
> chapter. Lack of knowledge of the
> illicit nature of a controlled
> substance is an affirmative defense
> to the offenses of this chapter.

The effective date of the statute is May
13, 2002 and it may not be applied
retroactively. _See_ _Quaintance v. State_, 845
So.2d 294 (Fla. 1st DCA 2003) (For any offense

---

[5] _Chicone v. State_, 684 So.2d 736 (Fla. 1996).

12

> occurring prior to May 13, 2002, an essential
> element of the crime of possession of an
> illegal substance was knowledge of the illicit
> nature of the substance); see also Blunt v.
> State, 831 So.2d 770, 772 (Fla. 4th DCA 2002)
> (May 13, 2002 law may not be applied
> retroactively to a charge arising before its
> effective date).

Sandifer v. State, 851 So.2d 788, 789-90 (Fla. 4th DCA 2003).

The crime in the instant case occurred on November 16, 2007, Resp. Ex. A at 10, well-after May 13, 2002, the effective date of the statute. Thus, it was no longer an essential element of the crime to include knowledge of the illicit nature of the substance when the instant crime was committed in November of 2007. The jury was instructed accordingly. See Tr. at 285. Of course, "writing of elements into crimes is for the Legislature", not the courts.[6] McMillon v. State, 813 So.2d 56, 59 (Fla. 2002) (Wells, C.J., dissenting).

As recognized by this Court, "[k]nowledge of the illicit nature of a controlled substance is no longer an element of the offenses of possession, or sale or delivery of a controlled substance for offenses committed *after May 13, 2002.* Section 893.101, Florida Statutes (2002)." Asbell v. McNeil, 3:06-cv-994-

---

[6] Not only is the Legislature charged with the writing of the elements of crimes, it is also "vested with broad authority to determine intent requirements in defining crimes." Wright v. State, 920 So.2d 21, 23 (Fla. 4th DCA 2005) (citations omitted). The Florida courts have concluded that "the elimination of the difficult-to-prove element of knowledge of a substance's illicit nature" is rationally related to the strong governmental interest of addressing the drug problem. Id.

13

J-33HTS, 2008 WL 2901056, at *14 n.1 (M.D. Fla. July 23, 2008) (not reported in F.Supp.2d) (emphasis added); see Chavez-Perez v. McNeil, No. 8:04-CV-2568-T-30TBM, 2008 WL 450034, at *5 n.4 (M.D. Fla. Feb. 15, 2008) (not reported in F.Supp.2d); Lenard v. Sec'y Dep't of Corr., No. 8:03-cv-1310-T-23MSS, 2007 WL 2826249, at *7 n.2 (M.D. Fla. Sept. 25, 2007) (not reported in F.Supp.2d). Indeed, this Court has acknowledged that the Florida Legislature intended, through its clarification in the creation of Florida Statutes § 893.101 (2002), that knowledge of the illicit nature of a controlled substance not be an element of the offense, and furthermore, that if the defendant raised the issue as an affirmative defense, that the jury be instructed that possession implies knowledge of the illicit nature of the substance. Albertie v. McNeil, NO. 3:07-cv-144-J-33JRK, 2008 WL 2915061, at *4 (M.D. Fla. July 24, 2008) (not reported in F.Supp.2d).

Thus, in the case at bar, guilty knowledge is not an element of the offense of sale or delivery of a controlled substance, since Knox committed the offense in November of 2007, after the effective date of the amended statute. Indeed, Knox's assertion that the offense of sale or delivery of cocaine is a "strict liability offense" is without merit. See Williams v. State, 45 So.3d 14 (Fla. 1st DCA 2010) (per curiam) (rejecting petitioner's claim that his sentences are unconstitutional because, by virtue of Florida Statutes § 893.101, his offenses are "strict liability offenses"

14

for which the maximum sentences that can be imposed consistent with due process are no more than one year in jail), rev. denied, 53 So.3d 1022 (Fla. 2011); Wright v. State, 920 So.2d 21, 24 (Fla. 4th DCA 2005) (finding that § 893.101 "does two things: it makes possession of a controlled substance a general intent crime, no longer requiring the state to prove that a violator be aware that the contraband is illegal, and, second, it allows a defendant to assert lack of knowledge as an affirmative defense"), rev. denied, 915 So.2d 1198 (Fla. 2005).

Here, Florida Statutes § 893.101 required only that a matter peculiarly within Knox's knowledge - that the substance at issue was illicit - be raised as an affirmative defense rather than proven in the State's case-in-chief. The offense for which he was convicted (sale or delivery of cocaine) is not a strict liability crime, entitling Knox to a sentence of no more than one year in jail. Quite to the contrary, Knox's fifteen-year term of imprisonment, imposed pursuant to Florida Statutes § 775.084(4)(a), see Resp. Ex. A at 78; Sentencing Tr., is lawful and does not violate Knox's right to due process of law.

## B. Ground Two

As ground two, Petitioner claims that his right to due process of law was violated when the trial court sentenced him as a

15

habitual felony offender under Florida Statutes § 775.084(1)(a)3.[7]
He asserts that, since he was charged with sale or delivery of
cocaine and convicted "as charged," it is impossible to discern
whether the jury convicted him under the sale or delivery theory of
prosecution or both. As such, while conceding that the offense of
"sale" of cocaine is not related to possession of cocaine, Knox
argues that the offense of "delivery" of cocaine is an offense that
is "relating to" the possession of cocaine, and therefore, does not
qualify for habitual offender sentencing. See Petition at 20.

This ground was raised and exhausted on direct appeal. See
Resp. Ex. E at 19-22. The State responded, see Resp. Ex. F at 8-
12, and Petitioner replied, see Resp. Ex. G at 6. The appellate
court, without issuing a written opinion, affirmed per curiam, see
Knox, 25 So.3d 563, and the mandate was issued on January 22, 2010,
see Resp. Ex. H.

To the extent that Petitioner may be attempting to raise, in
ground two, the same claim he presented on direct appeal, such a
claim presents an issue purely of state law that is not cognizable
on federal habeas review.  The purpose of a federal habeas
proceeding is review of the lawfulness of Petitioner's custody to

_____

[7] Section 775.084(1)(a)3 provides, in pertinent part, that a
defendant may be sentenced as a habitual felony offender provided
that "[t]he felony for which the defendant is to be sentenced, and
one of the two prior felony convictions, is not a violation of s.
893.13 relating to the purchase or the possession of a controlled
substance."

16

determine whether that custody is in violation of the Constitution or laws or treaties of the United States.[8] Coleman v. Thompson, 501 U.S. 722, reh'g denied, 501 U.S. 1277 (1991).

The Eleventh Circuit has stated that only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). The Supreme Court has often held that federal habeas relief does not lie for errors of state law. Clearly, it is not the province of a federal habeas court to reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)).

Even assuming that Petitioner raised the claim on direct appeal as a federal constitutional claim, the State, in response, addressed the merits of the claim. Resp. Ex. F at 8-12. Accordingly, this claim was rejected on the merits by the state

---

[8] A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

appellate court.[9]    Thus, there is a qualifying state court decision, and this claim should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.[10]    Moreover, assuming that the state court's adjudication of this claim is not entitled to deference under AEDPA, Petitioner's claim is, nevertheless, without merit.  See Resp. Ex. F at 8-12.

## C. Ground Three

As ground three, Petitioner claims that his right to due process of law was violated when the trial court failed to send back the verdict to the jurors for a decision as to which charge they found him guilty.  This issue was not raised at trial or on

---

[9]  See Wright, 278 F.3d at 1255.

[10]  Knox has neither shown that the state court's adjudication of the claim was contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, nor that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

18

direct appeal. Knox's trial counsel neither objected when the jury returned the verdict nor raised the issue in the motion for new trial. Tr. at 300-04; Resp. Ex. A at 58-59.

Respondents contend, and this Court agrees, that the claim is procedurally barred since it was not raised at trial and on direct appeal. See Response at 11. Petitioner has not shown either cause excusing the default or actual prejudice resulting from the bar. Moreover, he has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception. And, even assuming the claim is not procedurally barred, such a claim presents an issue purely of state law that is not cognizable on federal habeas review.[11]

## VIII. Conclusion

Upon consideration of the foregoing, the undersigned finds that, for the above-stated reasons, the Amended Petition will be denied, and this case will be dismissed with prejudice.

## IX. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a

---

[11] It is noteworthy that there was sufficient evidence presented at the trial to prove that Knox sold and delivered the cocaine to the undercover officer. See Tr.

substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Amended Petition (Doc. #8) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

3.   If Petitioner appeals the denial of the Amended Petition, the Court denies a certificate of appealability.   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

4.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this // day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE

sc 8/10
c:
R.C. Knox
Ass't Attorney General (McCoy)